**CHLOÉ EICHELBERGER TEXTILES, INC., Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, Respondent.**

Commonwealth Court of Pennsylvania.

Argued April 16, 1996.

Decided May 9, 1996.

---

**15.** Act of April 14, 1972, P.L. 233, *as amended,* 35 P.S. § 780–101 to § 780–144.

James L. Fritz, for Petitioner.

Matthew W. Tomalis, for Respondent.

Before SMITH and PELLEGRINI, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Chloé Eichelberger Textiles, Inc. (CETI) appeals from the order of the Board of Finance and Revenue (Board) that affirmed the denial by the Department of Revenue (Department) of CETI's claim of Pennsylvania S Corporation Status for 1987. We affirm.

CETI was incorporated under the laws of the Commonwealth of Pennsylvania on September 24, 1987. On September 28, 1987, CETI's president and sole shareholder filed a Federal Form 2553 "Election by a Small Business Corporation," which was mailed to the Internal Revenue Service (IRS). Not having received confirmation of receipt, CETI executed a second Federal Form 2553 on November 19, 1987, which the IRS received December 3, 1987. CETI filed its federal tax returns for that year ending December 31, 1987, as a Federal S Corporation.

Also, on September 28, 1987, CETI executed a Pennsylvania Department of Revenue Form REV–1630, "Pennsylvania S Corporation Election and Shareholders' Consent" (REV–1630). Because of confusion over the appropriate procedure, REV–1630 was not immediately mailed to the Department, but was instead hand delivered on January 14, 1988.

On March 15, 1988, CETI filed its Pennsylvania tax report for its corporate net income (CNI) tax for the period of September 28, 1987 to December 31, 1987, reporting no CNI tax due on the basis that CETI claimed Pennsylvania S Corporation status. In a settlement mailed on June 9, 1989, the Department increased CETI's CNI tax, on the basis that CETI had not timely elected Pennsylvania S Corporation status. CETI filed a petition for a refund with the Board which was denied.

 On appeal to this Court,[1] CETI argues that the Department's requirement that a corporation *mail* or *physically deliver* its Pennsylvania S Corporation Election and Shareholders' Consent to the Department on or before the fifteenth day of the third month of the tax year in order to qualify as a Pennsylvania S Corporation for the year, constitutes an invalid regulation.

Section 307.1 of the Tax Reform Code of 1971, Act of March 4, 1971, P.L. 6, *as amend-*

---

1. This court has the broadest scope of review when considering an order of the Board of Finance and Revenue because, although we hear such cases in our appellate jurisdiction, this court functions essentially as a trial court. *Pennsylvania Power and Light Co. v. Commonwealth,* 668 A.2d 620 (Pa.Cmwlth.1995). Pennsylvania Rule of Appellate Procedure 1571 authorizes us to rule on the record made before it or on the stipulation of facts made by the parties. The stipulation of facts is binding upon this court, however, we may draw our own legal conclusions from those facts. *Id.*

*ed*, added by § 4 of the Act of December 23, 1983, P.L. 370, 72 P.S. § 7307.1, provides that an election to be taxed as an S Corporation "may be made for any taxable year at any time during the preceding taxable year or at any time on or before the fifteenth day of the third month of the current taxable year." [2] If a corporation qualifies as a Pennsylvania S Corporation, it will not be subject to the Pennsylvania CNI tax, but its shareholders will be subject to personal income tax on their distributive shares of the corporation's income.

■ The term "fifteenth day of the third month of the current taxable year" amounts essentially to the seventy-fifth day of the tax year, which, in CETI's tax year in question, was December 12, 1987. CETI asserts that by *signing* the S Corporation election form on September 28, 1987, that it was not necessary for it to *file* the election with the Department because such regulation was improperly promulgated. CETI asserts that the procedural requirements for making a valid Pennsylvania S Corporation election should have been promulgated under the Commonwealth Documents Law, Act of July 31, 1968, P.L. 769, *as amended*, 45 P.S. §§ 1101–1602,[3] that includes five statutory requirements for approval and publication of regulations.[4] CETI claims that the Department merely established a requirement that an executed form be *filed* but never formally promulgated such regulation and thus contends that the signing of the REV–1630 satisfied the statutory requirement that S Corporation election be made by the fifteenth

day of the third month of the third year in question even though it failed to deliver to the Department the election until January 14, 1988, more than a month after the statutory deadline for election had passed.

Thus, CETI's position is that an election can be made in secret, without timely delivery or notice to the Department. We do not agree.

Because the Act has standards for revocation and termination of election and the consequences thereof, these purposes would be completely thwarted if such actions could be taken without timely notice to the Department. Further, because the statutory deadline for making the election is clearly set out in Section 307.1 of the Tax Code, it becomes clear that whatever must be done to establish a valid S Corporation must be completed before the statutory deadline. This substantive rule was established by statute, and thus, the Department is merely enforcing the rule and was not required to promulgate regulations under the Commonwealth Documents Law.

We also note that the directions which accompany REV–1630 form specifically direct the preparer as to "when it should make the election," "how and where to file the election," and contains phrases such as "must be filed with the Department of Revenue," "must file the election," and "must be submitted to: Pennsylvania Department of Revenue," followed by the Department's address. If all S Corporations in Pennsylvania would

---

2. To be considered a small corporation under the Act, a corporation must, essentially, have a valid Internal Revenue Code Subchapter S election in effect, and not have passive investment income in excess of twenty-five percent of its gross receipts.

3. Section 101 of the Commonwealth Documents Law, 45 P.S. § 1101, which constituted the official title to the Law was repealed by the Act of July 9, 1976, P.L. 877. No new title has been added. We will continue to refer, however, to this Law as the Commonwealth Documents Law.

4. These include:
 i. Review for form and legality by the Attorney General or his authorized designee. Section 204(b) of the Commonwealth Attorney's Act, Act of October 15, 1980, P.L. 950, 71 P.S. § 732–204(b); 1 Pa.Code § 13.16.

ii. Review an approval as to the form and legality by the General Counsel or his authorized designee. Section 301(10) of the Commonwealth Attorney's Act, Act of October 15, 1980, P.L. 950, 71 P.S. § 732–301(10); 1 Pa. Code § 13.16.
iii. Submission to the Independent Regulatory Review Commission and to the designated Standing Committee of each House of the General Assembly for review. Section 5(a) of the Regulatory Review Act, Act of June 25, 1982, P.L. 633, *as amended*, 71 P.S. § 745.5.
iv. Public notice of intention to promulgate. Act of July 31, 1968, P.L. 769, 45 P.S. § 1201.
v. Publication in the Pennsylvania Bulletin and qualification in the Pennsylvania Code. 45 Pa.C.S. §§ 702, 724.

elect S Corporation status in secret, utter confusion would occur on the part of the Department. Such is not the purpose of the statute and thus, we hold that the Board did not err in affirming the Department's denial of S Corporation status to CETI.

Accordingly, we enter judgment in favor of the Commonwealth, and unless exceptions are filed within 30 days pursuant to Pa. R.A.P. 1571(i), this order will become final.

### ORDER

AND NOW, this 9th day of May, 1996, judgment is entered in favor of the Commonwealth. This order will become final, unless exceptions are filed within 30 days of the entry of this order.